**VENABLE LLP**
Daniel S. Silverman (SBN 137864)
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone:    310.229.9900
Facsimile:    310.229.9901
Email: DSSilverman@venable.com

Melissa C. McLaughlin (SBN 273619)
750 E. Pratt Street, Suite 900
Baltimore, MD  21202
Telephone:    410.244.7400
Facsimile:    410.244.7742
Email: MCMcLaughlin@venable.com

Attorneys for Defendant
THS GROUP LLC, a Pennsylvania entity,
d/b/a SERVICEPLUS HOME WARRANTY

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD KIRSHNER, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THS GROUP LLC, a Pennsylvania entity, d/b/a SERVICEPLUS HOME WARRANTY<br><br>Defendants. | Case No. 3:25-cv-11046<br><br>**DEFENDANT THS GROUP LLC'S NOTICE OF REMOVAL**<br><br>**CLASS ACTION**<br><br>[Alameda County Superior Court Case No. 25CV153542]<br><br>Action Filed:        November 4, 2025<br>Complaint Served: November 29, 2025<br>Action Removed:   December 29, 2025 |

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES AND**

2  **THEIR COUNSEL OF RECORD:**

3      **PLEASE TAKE NOTICE** that Defendant THS Group LLC, d/b/a ServicePlus Home

4  Warranty ("Defendant") hereby removes the above-captioned case pending in the Superior Court

5  of the State of California for the County of Alameda, as Case No. 25CV153542.

6                                   *Jurisdiction*

7      1.      This action is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

8  under the Class Action Fairness Act ("CAFA"), as: (1) there is minimal diversity between

9  Plaintiff and Defendant; (2); the putative class size exceeds 100 persons; (3) the amount in

10  controversy exceeds $5,000,000; and (4) this Notice of Removal is filed within 30 days of

11  service of the Complaint on Defendant. The grounds for removal are set forth below.

12                               *Divisional Assignment*

13      2.      Assignment of this action to the San Francisco or Oakland Division is proper

14  pursuant to Local Rule 3-2(c)-(d) and the Court's Assignment Plan (General Order No. 44). This

15  action arose in the County of Alameda.

16                            **PROCEDURAL BACKGROUND**

17      3.      On November 4, 2025, Plaintiff Edward Kirshner ("Plaintiff") filed a Complaint

18  in the Superior Court of the State of California for the County of Alameda, captioned *Edward*

19  *Kirshner v. THS Group LLC, d/b/a ServicePlus Home Warranty* (Case Number 25CV153542)

20  (the "State Court Action").

21      4.      Plaintiff alleges that he received an email promoting Defendant's services, which

22  violated California's Anti-Spam Law. Compl. ¶ 2. Plaintiff asserts one claim for violation of

23  California Business and Professions Code Section 17529.5. *Id.* ¶¶ 26-29.

24      5.      Plaintiff brings these claims on behalf of himself and (1) a class of "[a]ll natural

25  persons using California email addresses who received any commercial email advertising

26  Defendant's services that contained (a) falsified, misrepresented, or forged header information;

27  (b) any misrepresented domain name; or (c) materially misleading contents in violation of

28  Business & Professions Code Section 17529.5." *Id.* ¶ 17.

-1-

1    6.    Defendant was served with the Complaint on November 29, 2025 by personal

2    service on its registered agent for service of process. *See* Declaration of Daniel S. Silverman

3    ("Silverman Decl.") ¶ 3 & Ex. 7.

4                    **THE REMOVAL IS TIMELY**

5    7.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), as it is filed

6    within 30 days of service of the Complaint.

7    **CAFA'S MINIMAL DIVERSITY OF CITIZENSHIP REQUIREMENT IS SATISFIED**

8    8.    This Court has original jurisdiction over the action under CAFA because it is a

9    civil class action in which at least one member of the proposed putative class of plaintiffs is a

10   citizen of a state different from any defendant and the amount in controversy exceeds

11   $5,000,000, exclusive of interest and costs. *See* 28 U.SC. § 1332(d)(2)(A).

12   9.    Plaintiff and Defendant are citizens of different states. Plaintiff is a citizen of

13   California. *See* Compl. ¶ 4. Defendant is a citizen of Pennsylvania and New York, as it is

14   Pennsylvania limited liability company with its principal place of business in New York. *See*

15   Silverman Decl. ¶ 4; *see also* Compl. ¶ 7 (alleging that Defendant is not a citizen of California).

16                **CAFA'S MINIMUM CLASS SIZE REQUIREMENT IS SATISFIED**

17   10.    CAFA requires that the number of members of all proposed plaintiff classes in the

18   aggregate is 100 or more. *See* 28 U.S.C. § 1332(d)(5)(B).

19   11.    Plaintiff alleges there are at least 5,000 members of the putative class. Compl. ¶

20   19.

21           **CAFA'S AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

22   12.    CAFA requires that the amount in controversy exceed $5,000,000, exclusive of

23   interest and costs. *See* 28 U.SC. § 1332(d)(2).

24   13.    The claims of individual class members are aggregated to determine whether the

25   amount in controversy is met. *See id.* § 1332(d)(6).

26   14.    When a complaint does not state the amount in controversy, "a defendant can

27   establish the amount in controversy by an unchallenged, plausible assertion of the amount in

28   controversy in its notice of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F. 3d 1193, 1197-98

-2-

1    (9th Cir. 2015) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89

2    (2014)); *see also Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068-69 (9th Cir.

3    2021) (same). Evidence establishing the amount in controversy is not required with the removal

4    notice, but rather, is only required if "the plaintiff contests, or the court questions, the

5    defendant's allegation." *Dart Cherokee*, 574 U.S. at 89.

6       15.  Plaintiff did not allege a specific amount in controversy in the Complaint.

7    However, Plaintiff seeks on behalf of himself and each class member "$1,000 in liquidated

8    damages from Defendant up to one million dollars per incident," plus "reasonable attorneys' fees

9    and costs" and punitive damages. *See* Compl. ¶ 29 & Prayer for Relief; *see also* Cal. Bus. &

10    Prof. Code § 17529.5 (b)(1)(B)(ii) ("A person bringing an action . . . may recover . . . Liquidated

11    damages of one thousand dollars ($1,000) for each unsolicited commercial e-mail advertisement

12    transmitted in violation of this section, up to one million dollars ($1,000,000) per incident.").

13       16.  Plaintiff also alleges that the class contains at least 5,000 class members received

14    emails that are the same as or similar to the email he allegedly received. *Id.* ¶¶ 14 & 19.

15       17.  Based on Plaintiff's allegations of at least 5,000 class members, multiple

16    allegedly violative emails sent to the class, and liquidated damages sought of one million dollars

17    per incident (along with punitive damages and attorneys' fees and costs), the amount in

18    controversy is satisfied.

19       **THE OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

20       18.  Defendant is filing herewith as Exhibits 1-7 to this Notice of Removal true and

21    correct copies of the filings in the State Court Action, including "all process, pleadings, and

22    orders served upon." 28 U.S.C. § 1446(a). *See* Silverman Decl. ¶ 2.

23       19.  Pursuant to 28 U.S.C. § 1446(d), Defendant is filing with the clerk of the Superior

24    Court of the State of California for the County of Alameda, and serving upon Plaintiff, a Notice

25    to Adverse Party and State Court of Removal of Action to Federal Court.  Proof of the same will

26    be filed with this Court. *See* Silverman Decl. ¶ 5.

27       20.  Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Notice of Removal is being

28    filed in the United States District Court for the Northern District of California, which is the

-3-

1 | federal district court embracing the Superior Court of the State of California for the County of

2 | Alameda, where the State Court Action was filed.

3 |      21.     Defendant has complied with 28 U.S.C. § 1446(b)(2)(A) insofar as there are no

4 | other defendants that must join in or consent to removal.

5 |      22.     No previous application has been made for the relief requested herein.

6 |      23.     This Notice of Removal has been signed pursuant to Fed. R. Civ. P. 11.

7 |      24.     By filing this Notice of Removal, Defendant does not waive any objections as to

8 | service, jurisdiction, venue, or any other defenses available at law, in equity or otherwise. In

9 | particular, by filing this Notice of Removal, Defendant does not submit or consent to the

10 | personal jurisdiction of this Court, and reserves all rights to contest that California courts,

11 | including this Court, have personal jurisdiction over it. *See Durward v. One Techs. LLC*, 2019

12 | WL 4930229, at *8 (C.D. Cal. Oct. 3, 2019) (granting motion to dismiss for lack of personal

13 | jurisdiction in Anti-Spam Law case, filed after removal to federal court). Defendant intends no

14 | admission of fact or law by this Notice of Removal and expressly reserves all defenses and

15 | motions. Defendant also reserves the right to amend or supplement this Notice of Removal.

16 |

17 | Dated:  December 29, 2025              VENABLE LLP

18 |

19 |                    By:    /s/ *Daniel S. Silverman*
                         Daniel S. Silverman

20 |                          Melissa C. McLaughlin

21 |                          Attorneys for Defendant
                         THS GROUP LLC, a Pennsylvania entity,

22 |                          d/b/a SERVICEPLUS HOME WARRANTY

23 |

24 |

25 |

26 |

27 |

28 |

Case No. 3:25-cv-11046             DEFENDANT'S NOTICE OF REMOVAL